UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

JUAN J SANCHEZ,                           }
                                          }
        Petitioner,                       }
VS.                                       }     CIVIL ACTION NO. G-07-256
                                          }
NATHANIEL QUARTERMAN,                     }
                                          }
        Respondent.                       }

OPINION ON DISMISSAL

Petitioner Juan J. Sanchez a state inmate, seeks habeas corpus relief under 28 U.S.C. § 2254 to challenge the denial of his release to parole.  (Docket Entries No.1, No.6). Petitioner has filed a motion for summary judgment (Docket Entry No.12), and respondent has filed a motion to dismiss.  (Docket Entry No.14).  Petitioner has filed a response to the motion to dismiss.  (Docket Entry No.18).  The Court will dismiss the petition for the reasons to follow.

BACKGROUND

On December 5, 1990, a jury in the 227th District Court of Bexar County, Texas, convicted petitioner of murder in cause number 90-CR-0627, and sentenced him to ninety-nine years confinement in the Texas Department of Criminal Justice—Correctional Institutions Division ("TDCJ-CID").  *Sanchez v. State*, No.04-91-00019-CR (Tex. App.—San Antonio 1991, no pet.).  Petitioner challenges the denial of parole in this petition; therefore, a procedural history of his conviction is unnecessary.

Petitioner reports that on January 27, 2006, he was notified that he was being denied parole because of the type of offense that he had committed and the use of a weapon. (Docket Entry No.6).  Petitioner claims that the Texas Board of Pardons and Paroles ("Parole

Board") wrongfully denied him parole on the ground that he used a deadly weapon to commit the murder because the jury did not make an affirmative finding that he had used a deadly weapon during the commission of the offense.  *Id*.  Petitioner filed a civil rights action pursuant to 42 U.S.C. § 1983 in federal court on June 6, 2006, alleging that he had been denied parole by parole officials who were treating his conviction as a "3g" offense, thereby requiring him to serve fifteen years flat time before being reviewed for parole.  *Sanchez v. Garrett*, Civil Action A:06-CA-426-LY (W.D. Tex. July 28, 2006).  The complaint was dismissed as frivolous on July 28, 2006.  *Id*.

Petitioner also sought relief from the denial of parole on this ground in a state habeas application, which he filed in state district court on December 12, 2006.  *Ex parte Sanchez*, Application No.24,047096, Writ Index.  The state district court did not enter findings. On February 28, 2007, the Texas Court of Criminal Appeals denied the application without written order.  *Id*. at cover.

Petitioner filed the pending petition on April 26, 2007,[1] alleging that the Parole Board has wrongfully denied him release to parole.  (Docket Entry No.1).  Respondent moves to dismiss the petition on grounds that it is barred by the governing statute of limitations.  (Docket Entry No.14).

<u>DISCUSSION</u>

Under AEDPA, habeas corpus petitions are subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the

---

[1] On March 13, 2007, petitioner filed a federal habeas petition challenging a 2005 denial of parole on the same ground as in the present habeas action in the United States District Court for the Western District of Texas, San Antonio Division.  *Sanchez v. Quarterman*, Civil Action No.SA-07-CA-323 XR (W.D. Tex. May 9, 2007).  The petition was dismissed as time-barred or alternatively as frivolous pursuant to 42 U.S.C. § 1983.  *Id.*

judgment of a State court.  The limitation period shall run from the latest of –

(A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)     The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)–(2).  The one-year limitations period became effective on April 24, 1996, and applies to all federal habeas corpus petitions filed on or after that date.  *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998).  Because petitioner's petition was filed well after that date, the one-year limitations period applies to his claims.  *Id.*

        The parties agree that the limitations period in this case commenced on January 27, 2006, the petitioner claims he received notice that he was given a four-year set-off and discovered that the Parole Board had allegedly adopted its own affirmative weapon finding. Therefore, the limitations period in this case expired on January 27, 2007.  28 U.S.C. § 2244(d)(1).  Petitioner's state habeas application was pending before the state courts from

December 12, 2006 until February 28, 2007, thus tolling the limitations period for filing a federal habeas petition for seventy-eight days, or until April 15, 2007. A properly filed state writ application tolls the limitations period while the claim or judgment is pending in state court. 28 U.S.C. § 2244(d)(2); *Villegas v. Johnson*, 184 F.3d 467, 473 (5th Cir. 1999) (concluding petition filed in accordance with state's procedural filing requirements tolls one-year limitations period during pendency of petition). Petitioner filed the pending habeas action on April 26, 2007, shortly after limitations expired; therefore, the pending petition is untimely.

Petitioner has not alleged in his pleadings or his Objections to Respondent's Motion to Dismiss that he was subject to state action that impeded him from filing his petition in a timely manner. *See* 28 U.S.C. § 2244(d)(1)(B). Further, there is no showing of a newly recognized constitutional right upon which the petition is based; nor is there a factual predicate for the claims that could not have been discovered previously. *See* 28 U.S.C. § 2244(d)(1)(C), (D). Petitioner, however, seeks equitable tolling of the statutory period for the time that his civil rights complaint was pending in the Austin District Court. (Docket Entry No.18).

The one-year limitations provision of the AEDPA "does not operate as a jurisdictional bar and can in appropriate exceptional circumstances, be equitably tolled." *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998). "As a general rule, equitable tolling operates only 'in rare and exceptional circumstances' where it is necessary to 'preserve[ ] a plaintiff's claims when strict application of the statute of limitations would be inequitable.'" *Fierro v. Cockrell*, 294 F.3d 674, 682 (5th Cir. 2002). "Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Rashidi v. American President Lines*, 96 F.3d 124,

128 (5th Cir. 1996).  Neither excusable neglect nor ignorance of the law is sufficient to justify equitable tolling.  *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999).

To the extent that petitioner seeks equitable tolling of the limitations period for the time his civil rights complaint was pending in federal court, he fails to show his entitlement to such relief.  Petitioner does not indicate why he waited almost six months after he was notified about the alleged affirmative weapon finding to file his civil rights complaint and almost five months after his civil rights complaint was dismissed to file a state habeas application.  Such delay evidences a lack of diligence, and makes equitable tolling unavailable.  Moreover, petitioner's incarceration, his lack of counsel, and his ignorance of the law do not excuse his failure to file a timely petition.  *Fisher v. Johnson,* 174 F.3d 710, 714 (5th Cir. 1999).

Accordingly, petitioner's federal habeas action is subject to dismissal as time-barred.[2]

## CERTIFICATE OF APPEALABILITY

A certificate of appealability from a habeas corpus proceeding will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations and citations omitted).  Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Id.*; *Beazley v. Johnson*, 242 F.3d

---

[2] Petitioner, however, has not been denied review of the merits of his claims.  At least two federal courts have found petitioner's underlying claims regarding the alleged affirmative weapon finding to be frivolous.  *See Sanchez v. Garrett*, Civil Action No.A-06-CA-426 (W.D. Tex. July 28, 2006); *Sanchez v. Quarterman*, Civil Action No.SA-07-cv-323 (S.D. Tex. May 9, 2007).  For this reason and because the petition is time-barred, the Court need not address the merits of petitioner's motion for summary judgment.

248, 263 (5th Cir. 2001).  On the other hand, when denial of relief is based on procedural grounds, the petitioner must not only show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling."  *Beazley*, 242 F.3d at 263 (quoting *Slack*, 529 U.S. at 484); *see also Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000).  A district court may deny a certificate of appealability, sua sponte, without requiring further briefing or argument.  *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). The Court has determined that petitioner has not made a substantial showing that reasonable jurists would find the Court's procedural ruling debatable.  Accordingly, the Court finds that a certificate of appealability should not issue in this case.

CONCLUSION

Based on the foregoing, the Court ENTERS the following ORDERS:

1. Respondent's Motion to Dismiss (Docket Entry No.14) is GRANTED.

2. Petitioner's federal habeas action is DISMISSED WITH PREJUDICE, as time-barred.

3. A certificate of appealability is DENIED.

4. Petitioner's Motion for Summary Judgment (Docket Entry No.12) is DENIED.

5. All other pending motions are DENIED.

SIGNED at Houston, Texas, this 22nd day of April, 2008.

MELINDA HARMON